UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENK MEYERS,

Plaintiff,

v.

SNOHOMISH COUNTY PUBLIC
TRANSPORTATION BENEFIT AREA,
doing business as Community Transit, et
al.,

Defendants.

CASE NO. 2:25-cv-02463-TL

ORDER ON MOTION TO WAIVE A
PORTION OF LCR 83.1 AS IT
PERTAINS TO APPLICATION FOR
LEAVE TO APPEAR *PRO HAC
VICE*

This matter is before the Court on Defendants' "Motion to Waive a Portion of LCR 83.1 as It Pertains to Application for Leave to Appear *Pro Hac Vice*" ("Motion to Waive").[1] Dkt. No. 21. Plaintiff does not definitively oppose the request but has filed a response highlighting several "deficiencies in the Motion and its supporting Declaration" he suggests the Court consider before ruling. Dkt. No. 23 at 1. Having considered the motion, Plaintiff's response, and the relevant record, the Court GRANTS the motion.

---

[1] For the purposes of this Order, "Defendants" does not include Defendants Brian Vallene or Phil Tapia, who have not appeared.

ORDER ON MOTION TO WAIVE A PORTION OF LCR 83.1 AS IT PERTAINS TO APPLICATION FOR LEAVE TO APPEAR PRO HAC VICE – 1

An attorney may appear *pro hac vice* if the party they represent is "also . . . represented by local counsel," who must have "a physical office within the geographic boundaries of the Western District of Washington and be admitted to practice before this court." LCR 83.1(d).

Here, Defendants' counsel Krishna Balasubramani is a member of the Washington bar and is admitted to practice in this District; however, his office is located in Portland, Oregon, which is not within the geographic boundaries of this District. *See* Dkt. No. 21 at 2; Dkt. No. 22 (Balasubramani Decl.) ¶¶ 4–5. Defendants' counsel Michael Imdieke, who is not a member of the Washington bar and is also based in Portland, Oregon, intends to seek admission *pro hac vice*. *See* Dkt. No. 21 at 2; Dkt. No. 22 ¶ 6.

Defendants seek a waiver of the requirement that local counsel have "a physical office within the geographic boundaries" of this District to permit Mr. Balasubramani to act as local counsel. Dkt. No. 21 at 1–2. This would allow Mr. Imdieke to appear *pro hac vice* in this case without bringing on additional counsel. *See generally id.*

"[A] district judge has broad discretion to depart from local rules, . . . 'where it makes sense to do so and substantial rights are not at stake.'" *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995) (quoting *Prof. Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994)). Here, Mr. Balasubramani is a member of the bar of the State of Washington as well as this Court, is experienced litigating in western Washington, and has an office in Portland, Oregon. *See* Dkt. No. 21 at 2; Dkt. No. 22 ¶¶ 4–5. Portland, Oregon, is only a short distance from the geographical boundary of this District. The Court takes Mr. Balasubramani's willingness to serve as local counsel as an affirmation that he is capable of managing all matters in this case, including attending hearings, conferences, and trial, should Mr. Imdieke be unavailable. Additionally, Plaintiff does not ultimately oppose Defendants' request, although he suggests the Court should grant a waiver "only after receiving accurate credentials

for the applicant and a declaration from Mr. Imdieke himself attesting to his qualifications." Dkt. No. 23 at 3.

The Court acknowledges Plaintiff's concerns about the basis and accuracy for statements made about Mr. Imdieke's bar memberships. *See* Dkt. No. 23 at 2 (citing Dkt. No. 22 ¶ 6). In particular, the Court agrees that it is highly unlikely that Mr. Balasubramani's Washington Bar number and Mr. Imdieke's Oregon Bar number are identical, and it appears that one bar number must have been erroneously used in error in place of the other. *See id.*; Dkt. No. 21 at 2–3. The Court agrees with Mr. Meyers that "[t]he Court should have accurate and complete information regarding the applicant's current bar admissions and their status before ruling" on Mr. Imdieke's anticipated application to appear *pro hac vice* (Dkt. No. 23 at 3), and it expects that Mr. Imdieke's bar number and all other information will be carefully and correctly presented at that time. However, to the extent that concerns about Mr. Imdieke's credentials are relevant, they are relevant to that forthcoming application—not the Motion to Waive now before the Court. If Mr. Imdieke does not meet the requirements to appear *pro hac vice*, his application will be denied. Plaintiff does not explain why the Court should scrutinize Mr. Imdieke's credentials at *this* stage, and the Court finds that such considerations are premature.

Accordingly, the Court FINDS that it is appropriate to depart from the local rules in this instance. Mr. Balasubramani SHALL be permitted to appear as local counsel for Defendants and that requirement for Mr. Imdieke's application to appear *pro hac vice* SHALL be considered to be fulfilled by the inclusion of Mr. Balasubramani on his application. Defendants' motion is

//

//

//

//

ORDER ON MOTION TO WAIVE A PORTION OF LCR 83.1 AS IT PERTAINS TO APPLICATION FOR LEAVE TO APPEAR PRO HAC VICE – 3

therefore GRANTED. Mr. Imdieke must separately file an application for leave to appear *pro hac vice* with the Clerk as detailed in LCR 83.1(d)(1).

Dated this 29th day of April, 2026.

Tana Lin
United States District Judge