Henk Andrew Meyers
8315 Cupertino Heights Way
Las Vegas, NV 89178
Tel: 213-408-9744
henkmeyers@icloud.com
Pro Se Plaintiff

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE

| | |
|---|---|
| HENK ANDREW MEYERS,<br>　　　　　　Plaintiff,<br>　　　v.<br>SNOHOMISH COUNTY PUBLIC<br>TRANSPORTATION BENEFIT AREA<br>d/b/a COMMUNITY TRANSIT,<br>et al.<br>　　　　　　Defendants. | Case No.: 2:25-cv-02463-TL<br><br>**PLAINTIFF'S MOTION TO DISSOLVE<br>STAY IMPOSED AT DKT. 13, OR<br>ALTERNATIVELY FOR FINDINGS<br>REQUIRED UNDER YONG v. INS**<br><br>NOTE ON MOTION CALENDAR:<br>May 29, 2026 |

## I. INTRODUCTION

I am the plaintiff in this case, proceeding pro se and in forma pauperis. I ask the Court to dissolve the stay imposed at Dkt. 13, or to enter the findings *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000), requires to support its continued duration.

This filing supersedes Plaintiff's prior Motion for a Date Certain (Dkt. 30), which accepted the § 1915(e) screening framework. This motion challenges the legal and factual viability of the stay itself. Concurrently with this motion, Plaintiff has filed a Notice of Withdrawal of Dkts. 30 and 38 to clear the docket for this superseding procedural issue.

Because the stay entered at Dkt. 13 is an interlocutory order, Federal Rule of Civil Procedure 54(b) authorizes the Court to revise it "at any time before the entry of a judgment."

Defendants cannot weaponize the fourteen-day deadline under W.D. Wash. LCR 7(h)(2) to bar this motion. Plaintiff seeks revision under Rule 54(b) based on materially changed circumstances that did

MOTION TO DISSOLVE STAY (DKT. 13)　　　　　　1

not exist when the stay was entered—specifically, a named defendant's May 6, 2026 written demand for the destruction of evidence outside the judicial framework. The fourteen-day local rule cannot operate to shield active spoliation.

The Court entered the stay 115 days ago. The case has been in screening for 151 days. Eleven of the thirteen named defendants in the operative Amended Complaint (Dkt. 16)[1] have voluntarily appeared, retained counsel, and answered on the merits—without challenging service or personal jurisdiction. Adversarial briefing has been available since January 15, 2026.

This is an issue of first impression in this District. But it is not uncharted. Every district court to consider the question—within the Ninth Circuit and beyond—has resolved it the same way: in favor of allowing the case to proceed. Judge Lanza laid out the textual framework for that result in *Oaklief v. Town of Gilbert*, 2025 U.S. Dist. LEXIS 187521 (D. Ariz. Sept. 24, 2025), drawing on the Tenth Circuit's reasoning in *Buchheit v. Green*, 705 F.3d 1157 (10th Cir. 2012). That framework supplies the analytical basis for resolution here.

## II. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

(1)  Dissolve the stay imposed at Dkt. 13 and allow the case to proceed under Federal Rules of Civil Procedure 16 and 26;

(2)  Or enter findings sufficient under *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000), to support the continued duration of the stay, including (a) the specific contingency on which the stay is conditioned, (b) the date by which the contingency is expected to resolve, and (c) the harm to Plaintiff balanced against the necessity of the stay's continuation; or

(3)  At minimum, set a status conference within fourteen (14) days.

## III. PROCEDURAL BACKGROUND

Plaintiff filed this case on December 3, 2025. On December 11, 2025, Magistrate Judge Vaughan granted IFP status and recommended review under 28 U.S.C. § 1915(e)(2)(B). Dkt. 3.

On January 2, 2026, the majority of named defendants voluntarily appeared. Dkt. 6. They were not summoned. They were not served. They appeared with counsel of their own choosing. On January 15,

---

[1]Defendants noted in their prior opposition that Plaintiff's Amended Complaint at Dkt. 16 was filed outside the Rule 15(a)(1)(B) amendment-as-of-right window, but have not moved to strike it. *See* Dkt. 32 at 2. The Court has nonetheless treated Dkt. 16 as operative. In its April 29, 2026 order granting Defendants' Motion to Waive a Portion of LCR 83.1, the Court identified the non-appearing defendants in this action as "Defendants Brian Vallene or Phil Tapia." Dkt. 34 at 1 n.1. That identification tracks the Amended Complaint's defendant universe, not the original Complaint's. Brian Vallene is not named in Dkt. 4; he is named only in Dkt. 16. If the Court were operating from Dkt. 4, it would have identified Sound Transit—a named defendant in Dkt. 4 who has never appeared—as a non-appearing defendant alongside Phil Tapia. It did not. The Court's footnote is therefore judicial recognition of Dkt. 16 as the operative pleading.

Henk Andrew Meyers
8315 Cupertino Heights Way
Las Vegas, NV 89178

2026, those defendants answered on the merits. Dkt. 9. They did not challenge service. They did not challenge personal jurisdiction. As of this filing, eleven of the thirteen named defendants in the operative Amended Complaint (Dkt. 16) have voluntarily appeared and answered. The two who have not are Phillip Gabriel Tapia, Jr. and Brian Vallene.

On January 16, 2026, three case management orders entered, including a Rule 26(f) deadline schedule. Dkts. 10–12. The same day, the Court struck all three and vacated every deadline. Dkt. 13. The minute order stated that the case was "currently undergoing review under 28 U.S.C. § 1915(e)(2)(B)" and that "[a] summons will be issued, and service will be possible, when and if the Court determines that it is not required to dismiss the case under 28 U.S.C. § 1915(e)(2)(B)." *Id.* The Court "acknowledg[ed] that some Defendants have nevertheless appeared and answered the Complaint" but found "good cause to delay the entry of a case schedule until Section 1915 review is complete." *Id.* The order cited no statute beyond § 1915(e)(2)(B). It cited no case. It cited no rule. It has not been revisited.

Plaintiff filed an Amended Complaint on February 24, 2026. Dkt. 16. Plaintiff filed a Motion to Expedite Preservation Order (Dkt. 17) and a Motion for Preservation Order (Dkt. 18) on March 16, 2026. Both were fully briefed by April 1, 2026. Dkt. 17 has been pending 45 days past its noting date. Dkt. 18 has been pending 38 days past its noting date.

On March 20, 2026, Defendants filed a Motion to Waive a Portion of LCR 83.1 (Dkt. 21). It noted April 10, 2026. The Court granted it on April 29, 2026 (Dkt. 34)—nineteen days past its noting date.

On April 30, 2026, Defendants filed an Application for Pro Hac Vice admission of out-of-state counsel Michael Imdieke (Dkt. 35). The Court granted that application before 9:00 AM on May 1, 2026—approximately fifteen hours from filing.

On May 6, 2026, Plaintiff received a written communication from named Defendant Matthew Hendricks, signed in his capacity as "Counsel to Community Transit," demanding that Plaintiff "permanently delete[] and destroy[]" public records he had received in response to PRA Request 26-69 and "provide confirmation that this occurred." The records concern the personnel file of named Defendant Deanna Lyn Tapia. The same day, Plaintiff filed a Motion for Leave to Supplement the Record (Dkt. 37), to which the Hendricks letter is attached and is incorporated here by reference.

On May 7, 2026, the Clerk reset the noting dates for both Dkt. 37 and Plaintiff's Motion to Withdraw IFP (Dkt. 38, filed the same day), extending consideration of those motions to the briefing schedule applicable under LCR 7(d)(3).

On May 8, 2026, Plaintiff telephoned the Clerk's Financial Unit to tender the $405 filing fee in connection with Dkt. 38. The Financial Unit declined to accept payment, advising that the Court would not accept tender until the Court ruled on Dkt. 38. Plaintiff memorialized the call in writing the same day.

## IV. ARGUMENT

### A.    The Protective Purpose of § 1915(e)(2)(B) Screening Was Satisfied When Defendants Voluntarily Appeared and Answered

Section 1915 dismissals "are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). The premise is plain: prospective defendants have not yet been hauled into the case.

When defendants voluntarily appear and answer without challenging service or jurisdiction, the protective interest is satisfied. They have already incurred the expense the screening was designed to prevent. They have retained counsel. They have engaged with the merits. The non-appearance of two defendants does not preserve the protective purpose for the eleven who have appeared.

### B.    Section 1915(e)(2)(B) Authorizes—But Does Not Require—Continued Sua Sponte Screening, and the Sound Exercise of Discretion in This Posture Is to Allow the Case to Proceed

This Court has stated the governing standard:

> The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if an IFP Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. C14-378, 2014 U.S. Dist. LEXIS 50750, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129).

*Smith v. City of Kent*, 2026 U.S. Dist. LEXIS 102694, at *10 (W.D. Wash. May 8, 2026).

The § 1915(e)(2)(B)(ii) inquiry parallels Rule 12(b)(6). Defendants have appeared, retained counsel, and answered on the merits—without challenging service or personal jurisdiction. Having answered without raising the defenses enumerated in Rule 12(b)(2)–(5), they have waived them under Rule 12(h)(1). They are committed to the post-pleadings framework of Rule 12(c) and Rule 56. The Rule 12(b)(6) test this Court applies to § 1915(e)(2)(B)(ii) is the same test that would govern a Rule 12(c) motion for judgment on the pleadings. Sua sponte screening would duplicate, not supplement, the analysis the adversarial framework already supplies.

A stay must rest on findings sufficient to support it. *Landis v. North American Co.*, 299 U.S. 248, 254–

MOTION TO DISSOLVE STAY (DKT. 13)                    4

Henk Andrew Meyers
8315 Cupertino Heights Way
Las Vegas, NV 89178

55, 57 S. Ct. 163, 81 L. Ed. 153 (1936); *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000); *Dependable Highway Express, Inc. v. Navigators Insurance Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109–10 (9th Cir. 2005). The stay here was entered sua sponte—no party sought it and no party made the required showing. Where the Court acts on its own initiative, the *Landis* standard applies with equal force: the order must still be supportable by findings that "a clear case of hardship or inequity" justifies halting the litigation, balanced against the "fair possibility" of damage to the other side. *Landis*, 299 U.S. at 255. Where no party even attempted that showing, the standard is a fortiori unsatisfied. The Ninth Circuit "balance[s] the length of the stay against the strength of the justification given for it." *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000). And "[i]f a stay is especially long or its term is indefinite, [the court] require[s] a greater showing to justify it." *Id.* Stays "should not be indefinite in nature." *Dependable Highway Express*, 498 F.3d at 1066. A stay's indefinite duration is particularly hard to justify when the procedural posture that prevailed at the stay's entry has materially changed and the order has not been revisited.

The order at Dkt. 13 does not engage these standards. It cites no case. It cites no statute beyond § 1915(e)(2)(B). It cites no rule. It contains no analysis of why the appearance of defendants does not affect the procedural calculus. The "good cause" finding consists of the phrase "good cause to delay," with no analysis of what the cause is, what it would take to resolve, or how the appearance of defendants affects the analysis.

The order's underlying premise—that § 1915(e)(2)(B) requires a pre-service determination of non-dismissibility before the case can proceed—is not supported by the statute's text. Section 1915(e)(2) provides that the Court "shall dismiss the case at any time if the court determines" specified grounds apply. 28 U.S.C. § 1915(e)(2)(B). The "shall dismiss" mandate is conditioned on the court first making a determination. The statute does not require the court to make that determination at any particular time, or to make it at all on its own initiative.

Congress knew how to draft a mandatory pre-service screening requirement. It did so in the parallel statute. Section 1915A applies, by its terms, to "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and directs the court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). Section 1915A is triggered, mandatory-timing screening. Section 1915(e)(2) is not. It contains no trigger and no temporal anchor. It operates on the IFP grant itself and authorizes dismissal "at any time." The asymmetry is meaningful: Congress imposed mandatory screening on prisoner cases and discretionary screening authority on IFP cases generally. The Tenth Circuit reads it the same way:

---

MOTION TO DISSOLVE STAY (DKT. 13)                                5

Henk Andrew Meyers
8315 Cupertino Heights Way
Las Vegas, NV 89178

[T]he language of § 1915(e)(2) does not impose a duty to screen or review . . . before service of summons . . . . Instead [, it] requires a court to dismiss a case filed by an [IFP] litigant at any time . . . the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim . . . .

*Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012).

The Tenth Circuit added: sua sponte dismissal "without benefit of an adversarial presentation is often an uncertain and time-consuming task, and the district court should make the call as to if and when it is appropriate." *Buchheit*, 705 F.3d at 1161.

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc), is sometimes cited for the proposition that § 1915(e)(2) screening is mandatory. *Lopez* held two things: (1) § 1915(e)(2) applies to non-prisoner IFP complaints, *id.* at 1129; and (2) the standard for dismissal under § 1915(e)(2)(B)(ii) is the same as under Rule 12(b)(6), *id. Lopez* did not address timing. It did not address defendant appearance. It did not address whether the Court must screen pre-service when the framework's protective predicates have dissolved. *Lopez* is fully consistent with proceeding on the normal track here: the Rule 12(b)(6) standard *Lopez* identifies is the same standard Defendants would apply in a Rule 12(c) motion. That is the adversarial vehicle *Oaklief* and *Buchheit* identify as superior to sua sponte screening once defendants have appeared.

### C.     The IFP Statute Guarantees Access to the Courts, Not Indefinite Procedural Suspension

The purpose of 28 U.S.C. § 1915 is to "ensure that indigent litigants have meaningful access to the federal courts." *Neitzke*, 490 U.S. at 324. The screening provision exists to filter out frivolous claims quickly. It does not exist to create an indefinite procedural posture that no fee-paying litigant in this District would face. This case has spent 151 days in screening without disposition.

### D.     Plaintiff Has Acted in Good Faith and Has Exhausted the Procedural Avenues Available to a Pro Se Litigant

The record reflects multiple attempts to find a path forward—preservation motions, an amended complaint, a date-certain motion, leave to supplement, withdrawal of IFP, fee tender, and the present motion. A pro se litigant does not have the procedural map a represented litigant can draw from counsel's experience. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Plaintiff attempted to tender the $405 filing fee on May 8, 2026 because payment would moot the IFP predicate. *See Salat v. County of Sacramento*, 2015 U.S. Dist.

MOTION TO DISSOLVE STAY (DKT. 13)                              6

LEXIS 89314 (D. Nev. 2015). The Financial Unit declined to accept payment.

### E.    Continued Delay Is Causing Concrete, Documented Preservation Harm

Spoliation includes the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or future litigation. *Kearney v. Foley & Lardner, LLP*, 582 F.3d 896, 912 (9th Cir. 2009); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006).

On April 7, 2026, Community Transit responded to PRA No. 26-56—seeking enterprise phone logs and Microsoft Teams call records for five named employees during June 2025—with "no responsive records," citing a 90-day Microsoft Teams retention policy. Those records existed when Plaintiff sent a formal litigation hold notice to Community Transit on September 15, 2025. The records were within the agency's stated 90-day retention window when the litigation hold arrived.

On May 6, 2026—while Plaintiff's Motion for Preservation Order (Dkt. 18) had been ripe and unruled for 33 days—Plaintiff received the Hendricks letter. Hendricks is both a named defendant and outside counsel to Community Transit. The communication, signed in his capacity as "Counsel to Community Transit," demanded that Plaintiff "permanently delete[] and destroy[]" public records released to him in response to PRA Request 26-69, and that Plaintiff "provide confirmation that this occurred." The records concern the personnel file of named Defendant Deanna Lyn Tapia. The letter was sent while Plaintiff's preservation motion remained ripe and unruled. Plaintiff has preserved both the records and the demand. The letter is on the docket as the supplemental authority attached to Dkt. 37 and is incorporated here by reference.

The Hendricks letter materially changes the posture from that which existed when Dkt. 13 was entered. On January 16, 2026, no party had asserted any position adverse to evidence preservation. As of May 6, 2026, a named defendant—in his concurrent capacity as outside counsel to the agency-defendant—has demanded destruction of evidence outside any judicial framework, while the preservation motion that would address that conduct sits ripe and unruled. The framework the Court maintained at Dkt. 13 was not designed to operate in this posture. The order has not been revisited.

Plaintiff cannot serve discovery requests. The case is frozen. Plaintiff cannot subpoena records. No summons has issued. Plaintiff cannot obtain rulings on the preservation motions already pending.

### F.    The Question Presented Has Been Addressed Uniformly in Districts That Have Reached It; This District Has the Opportunity to Address It Now

The question—whether § 1915(e)(2)(B) screening should continue once defendants have voluntarily appeared and answered—has been addressed uniformly by district courts that have reached it.

The District of Nevada has applied the same rule across multiple published decisions: when defen-

MOTION TO DISSOLVE STAY (DKT. 13)                    7

dants appear, screening yields. *See, e.g., Olausen v. Murguia*, 2014 U.S. Dist. LEXIS 159941 (D. Nev. Nov. 12, 2014); *Brothers v. Neven*, 2020 U.S. Dist. LEXIS 153216 (D. Nev. Aug. 21, 2020); *Fox v. Kovacs*, 2024 U.S. Dist. LEXIS 67566 (D. Nev. Apr. 11, 2024); *Reliford v. Brown*, 2025 U.S. Dist. LEXIS 167651 (D. Nev. Aug. 27, 2025). The Central and Southern Districts of California have reached the same conclusion. *See, e.g., Newton v. Eatmon*, 2021 U.S. Dist. LEXIS 225931 (S.D. Cal. Nov. 23, 2021); *Vernon v. Larios*, 2023 U.S. Dist. LEXIS 75747 (C.D. Cal. Mar. 23, 2023). The Tenth Circuit has stated the underlying rule in published authority. Its reasoning is grounded in the textual asymmetry between § 1915(e)(2) and § 1915A. *Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012).

The consensus among district courts to dissolve screening stays upon a defendant's voluntary appearance is rooted in structural necessity. An active § 1915(e) stay operating concurrently with defendants who have appeared, retained counsel, and filed an answer creates an internally inconsistent procedural posture. The case cannot simultaneously occupy a pre-service screening vacuum and an active adversarial posture.

This hybrid posture guarantees procedural dysfunction—a fact Defendants have already inadvertently demonstrated on the record. In opposing Plaintiff's prior motion, Defendants explicitly invoked Federal Rule of Civil Procedure 15 to challenge the validity of Plaintiff's Amended Complaint. *See* Dkt. 32 at 2. Simultaneously, in the exact same filing, Defendants invoked the Court's "ongoing screening review" to excuse their own failure to move, strike, or answer that amended pleading. *Id.* Defendants' position runs against the Court's own treatment of the case: in identifying the non-appearing defendants in this action as "Defendants Brian Vallene or Phil Tapia" (Dkt. 34 at 1 n.1), the Court tracked the Amended Complaint's defendant universe, not the original Complaint's. The Court should not maintain a stay that permits Defendants to selectively invoke the Federal Rules to challenge a pleading the Court has functionally accepted, while invoking the stay to avoid their own pleading obligations.

Defendants assert that Plaintiff's amended pleading "has understandably created confusion." Dkt. 32 at 2. The confusion does not stem from Plaintiff's amendment. The Supreme Court and the Ninth Circuit mandate liberality in permitting pro se amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). The confusion is the direct and inevitable result of enforcing a pre-service stay in a post-appearance reality where the normal mechanics of Rule 15 cannot operate.

The Tenth Circuit identified this exact systemic breakdown. Sua sponte dismissal "without benefit of an adversarial presentation is often an uncertain and time-consuming task, and the district court should make the call as to if and when it is appropriate." *Buchheit*, 705 F.3d at 1161. The District of Arizona resolved the contradiction by holding that once a defendant appears, the procedural framework must transition to standard adversarial briefing. *Oaklief*, 2025 U.S. Dist. LEXIS 187521, at *9. The same resolution is required here.

Henk Andrew Meyers
8315 Cupertino Heights Way
Las Vegas, NV 89178

The District of Arizona engaged the question directly. In *Oaklief v. Town of Gilbert*, No. CV-25-03379-PHX-DWL (ASB), 2025 U.S. Dist. LEXIS 187521 (D. Ariz. Sept. 24, 2025), Judge Lanza traced the statutory text, distinguished § 1915A's mandatory pre-service language from § 1915(e)(2)'s permissive "at any time" language, and concluded:

> Routinely screening non-prisoner IFP complaints appears to be more of a tradition than a requirement. Although many district judges (within the District of Arizona and elsewhere) have assumed that proactive screening is "required" under § 1915(e)(2)(B), this assumption tends to be flatly stated without any engagement with the text of the statute to justify such a conclusion.

*Oaklief*, 2025 U.S. Dist. LEXIS 187521, at *5.

Applying that reading to a case where the defendant had appeared, Judge Lanza concluded:

> [T]he Court, in its discretion, declines to screen the complaint under the circumstances. Defendant has already . . . had time and occasion to review the complaint. At this point, any challenge to the complaint's sufficiency is better brought by Defendant, such that the Court can make its determination with the benefit of adversarial briefing.

*Oaklief*, 2025 U.S. Dist. LEXIS 187521, at *9.

The question—whether § 1915(e)(2)(B) screening should continue once defendants have voluntarily appeared and answered—is an issue of first impression in this District. It is squarely presented here.

This Court's recent practice has applied pre-service screening as the default under § 1915(e)(2)(B). *See Smith v. City of Kent*, 2026 U.S. Dist. LEXIS 102694, at *1 (W.D. Wash. May 8, 2026) (directing the Clerk to withhold summons pending screening). That sequencing operates as designed when defendants have not appeared. The posture here differs in a material respect: eleven of the thirteen named defendants voluntarily appeared on January 2, 2026 and answered on January 15, 2026—the day before Dkt. 13 was entered. Plaintiff does not ask the Court to reconsider its general sequencing practice. Plaintiff asks the Court to recognize that the protective predicates articulated in *Neitzke* operate differently in a posture where defendants have already incurred the expense the framework was designed to prevent.

This Court has the opportunity to address this question in the first published decision from this District. The framework Judge Lanza developed in *Oaklief*—anchored in the asymmetry between § 1915(e)(2) and § 1915A and supported by the Tenth Circuit's reasoning in *Buchheit*—supplies a sound analytical basis for doing so.

**G.     Pro Se Status and the Ninth Circuit's Merits-Resolution Principle**

Federal courts construe pro se filings liberally and afford pro se litigants additional latitude in procedural matters. *Erickson*, 551 U.S. at 94; *Hebbe*, 627 F.3d at 342. The Ninth Circuit has long held that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). This Court has invoked these principles in its own decisions, including *Smith v. City of Kent*, 2026 U.S. Dist. LEXIS 102694, at *10 (W.D. Wash. May 8, 2026) (citing *Hebbe*), and *Encinas v. Univ. of Wash.*, 2022 U.S. Dist. LEXIS 179168, at *10 (W.D. Wash. Sept. 30, 2022) (quoting *Eitel* and declining to dismiss pro se Title VII plaintiff for service defects).

The posture in this case displaces resolution on the merits in multiple ways—an indefinite stay, the extended briefing timeline applied to Plaintiff's recent motions, the refusal to accept tendered fees, and multiple motions sitting unruled past their noting dates. Each disposition has displaced resolution on the merits. Plaintiff asks the Court to apply the binding Ninth Circuit standard the Court has invoked in its own prior decisions.

## V. CONCLUSION

The case has been frozen long enough. Plaintiff respectfully requests that the Court:

(1)  Dissolve the stay imposed at Dkt. 13 and allow the case to proceed under Federal Rules of Civil Procedure 16 and 26;

(2)  Or enter findings sufficient under *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000), to support the continued duration of the stay; or

(3)  At minimum, set a status conference within fourteen (14) days.

A Proposed Order accompanies this motion.

## CERTIFICATION UNDER LCR 7(b)(2)

Pursuant to LCR 7(b)(2), Plaintiff contacted counsel for Defendants by email on May 11, 2026 to confer regarding this motion. As of the time of filing, opposing counsel has not responded.

## CERTIFICATION OF WORD COUNT

I certify that this memorandum contains approximately 3,940 words, in compliance with LCR 7(e).

DATED this 11th day of May, 2026.

Respectfully submitted,

Henk Andrew Meyers
Pro Se Plaintiff
8315 Cupertino Heights Way
Las Vegas, NV 89178
Tel: 213-408-9744
henkmeyers@icloud.com

Henk Andrew Meyers
8315 Cupertino Heights Way
Las Vegas, NV 89178

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of May, 2026, I filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

Krishna Balasubramani, WSBA #33918
SBH Legal
kbalas@sbhlegal.com
Local Counsel for Defendants

Michael Imdieke
SBH Legal
mimdieke@sbhlegal.com
Pro Hac Vice Counsel for Defendants

Henk Andrew Meyers
Pro Se Plaintiff

MOTION TO DISSOLVE STAY (DKT. 13)                12